** Summary ** REVISION OF COUNTY AUDITS The audits should be revised to reflect the figures shown to be due under Opinion No. 71-317. The Attorney General has considered your request for an opinion wherein you gave facts which may be summarized as follows: Audits were made of various county offices and various counties for a period ending June 30, 1970. The audits were made in accordance with the principles and conclusions set forth in Attorney General's Opinion No. 67-420. While this opinion was in force, the figures in one county disclosed what would be an overpayment by that county to a vendor in the sum of $11,581.41. Attorney General Opinion No. 71-317, dated July 15, 1971, and supplemented September 9, 1971, overruled, in part, Opinion No. 67-420. At the time Attorney General's Opinion No. 71-317 and its supplement were issued, this office had no knowledge of the alleged overpayment mentioned above or of the audit conducted by your office. You have informed us that a recomputation under Opinion No. 71-317 showed overpayments of only $719.36. You ask the following question: "Inasmuch as the audits hereinbefore referred to were made during and covering a period when Opinion No. 67-420, and other earlier opinions were in force and effect, should the amounts found to be due and owing by the vendors to the county on June 30, 1970, be used, or should such audits be revised to reflect the figures shown to be due under Opinion No. 71-317?" To answer this question, it must be determined whether or not Opinion No. 67-420 remains a valid interpretation of the law. In this regard, Attorney General Opinion No. 71-317 overruled Opinion No. 67-420 insofar as they were inconsistent. The net effect of this would invalidate any application of Opinion No. 67-420 with reference to the audits made insofar as Opinion No. 67-420 conflicted with Opinion No. 71-317. Thus, if any computations based upon the principles and conclusions of Opinion No., 67-420 varied and conflicted with the computations based upon Opinion No. 71-317, the latter would control. To project this further, if the county involved sought to recover from the vendor the overpayment based upon Opinion No. 67-420, the vendor could assert that under Opinion No. 71-317, it is liable for the computations based on the latter opinion, since the latter opinion is controlling in the event of a conflict between the two opinions. It is therefore the opinion of the Attorney General that your question be answered as follows: The audits should be revised to reflect the figures shown to be due under Opinion No. 71-317. (Todd Markum)